JOE WIMBERLY v. THE STATE.

No. 11056.  Delivered November 2, 1927.

Rehearing denied March 21, 1928.

**1.—Slander—Indictment—Held Sufficient.**

Where the indictment in one count averred that Eugene Klearner was doing nothing else but pimping for his mother, meaning that said Emma Klearner (his mother) was having carnal intercourse with other men than her husband, this averment clearly imputes to the female, Emma Klearner, a want of chastity and is sufficient.

**2.—Same—Evidence—Variance—Not Shown.**

It being shown that appellant used the language set out in the indictment, referring to Eugene Klearner as "him," and it being clearly shown that appellant was referring to Eugene Klearner, and that his mother was Emma Klearner, there was no variance shown between the allegation and proof. It is only required that the words must be substantially proven, as alleged. See Conlee v. State, 14 Tex. Crim. App. 222.

ON REHEARING.

**3.—Same—Inuendo Averment—Properly Established—"Pimp" Defined.**

The term "pimp" has received judicial interpretation in line with its generally accepted meaning, as "one who provides for others the means of gratifying lust; a pander; one who provides gratification for the lust of others; a procurer, a panderer." See Cyc Law & Proc., Vol. 30, p. 1624.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for slander, penalty a fine of $500 and six months in the county jail.

The opinion states the case.

*W. C. Linder* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—The offense is slander and the punishment a fine of $500 and six months' imprisonment in the county jail.

The indictment is attacked, principally, upon the ground that the language charged to have been used by appellant was not spoken of nor concerning the female, Emma Klearner, but was spoken of and concerning Eugene Klearner, and that such language does not impute a want of chastity to the female, Emma Klearner. Three slanderous statements appear in the indictment, two of which we are inclined to think are abusive epithets rather than imputations of a lack of chastity. The third statement is "that one Eugene Klearner was doing nothing else but pimping for his mother, by which was meant that the said Emma Klearner was having carnal intercourse with other men, other than her husband, and that the said Eugene Klearner was soliciting other men to have carnal intercourse with the said Emma Klearner." It was also alleged that "Eugene Klearner is the son of Emma Klearner." We think this language clearly imputes to the female, Emma Klearner, a want of chastity, and that the indictment as a whole is sufficient to charge the offense of slander.

Nor do we think there is any merit to appellant's contention that there was a variance between the indictment and evidence in that the testimony shows the names of Emma Klearner and Eugene Klearner were not used by appellant. It was shown that the slanderous language occurred in a restaurant and that said Eugene Klearner left about the time appellant and his companion entered and that appellant immediately began applying vile epithets towards him which continued until the language above mentioned was used. The testimony fairly considered shows that the pronoun "he" was used by appellant instead of the words "Eugene Klearner," as charged in the indictment. It was clearly shown of whom appellant was speaking and was proved without controversy that his mother was Emma Klearner.

It is only required that the words must be substantially proved as alleged. Conlee v. State, 14 Tex. Crim. App. 222. This proof could have in nowise misled appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews insistence that the state failed to make out its case in omitting to prove the allegation in the indictment averring what was meant by the expression "pimping for his mother." The term "pimp" seems to have received judicial interpretation, which is in line with its generally accepted meaning. "*Pimp*. One who provides for others the means of gratifying lust; a pander; one who provides gratification for the lust of others; a procurer, a panderer." Cyc. Law & Proc., Vol. 30, p. 1624, where citation to cases may be found. See also Webster's International Dictionary for precisely the same definition. It would seem that the words used by appellant are well understood without the state resorting to proof of their meaning.

The motion for rehearing is overruled.

*Overruled.*